FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Jun 27, 2018

OFFICE OF THE CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **MATTHEW MORGAN** ) | **CASE NUMBER:** 18-2110 |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **COMPLAINT** |
| ) | |
| **NAVIENT SOLUTIONS, LLC, F/K/A** ) | |
| **SALLIE MAE, INC.,** ) | |
| **STRADA EDUCATION NETWORK. INC.,** ) | |
| **F/K/A UNITED STUDENTAID FUNDS, INC.,** ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** ) | |
| **INC.,** ) | |
| **EQUIFAX INFORMATION SERVICES, LLC,** ) | |
| **and** ) | |
| **TRANSUNION, LLC** ) | |
| **Defendants** ) | |
| ) **JUNE 25, 2017** | |

### I. INTRODUCTION

1.   This is a suit brought by a consumer, Matthew Morgan, against Defendants Navient

Solutions, LLC, f/k/a Sallie Mae, Inc., Strada Education Network, Inc. f/k/a United Student Aid

Funds, Inc., Experian Information Solutions, Inc., Equifax Information Services, LLC, and

TransUnion, LLC for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681

*et seq.*

### II. PARTIES

2.   Plaintiff, Matthew Morgan, is a natural person residing in Fort Smith, Arkansas.

Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

3.   Defendant Navient Solutions, LLC, f/k/a Sallie Mae, Inc. ("Navient") is a Servicer of

Federal Student Loans headquartered in Reston, Virginia. Navient is a furnisher of information

to consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681s-2.

4.   Defendant Strada Education Network, Inc., f/k/a United Student Aid Funds, Inc.

("USAF") is a Guarantor of Federal Student Loans headquartered in Indianapolis, Indiana. USAF is a furnisher of information to consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681s-2.

5. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, headquartered in Costa Mesa, California and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

6. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company, headquartered in Atlanta, Georgia and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

7. Defendant TransUnion, LLC is a Georgia limited liability company, headquartered in Chicago, Illinois and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

### III. JURISDICTION

8. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

9. This Court has jurisdiction over the defendants because they regularly conduct business in this state.

10. Venue in this Court is proper, as the Plaintiff is a resident of Arkansas and the violations that are the subject of this litigation occurred within this State.

### IV. FACTUAL ALLEGATIONS

#### A.    Facts as they relate to Navient:

11. On October 2, 2000, Plaintiff consolidated his existing Federal Student Loans. At that time, they were serviced by Chase Bank via Suntec.

2

12. In March of 2006, the servicing was transferred to Citibank

13. In September of 2011, the servicing was transferred to Sallie Mae

14. The balance at the time of origination in 2000 was $87,091

15. Plaintiff kept the loan in forbearance and deferment for several years.

16. In May of 2005, Plaintiff made several substantial payments towards the balance of his loan, totaling $75,280.

17. In September of 2005, Plaintiff made a payment of $60,000 towards the balance of his loan.

18. In April of 2006, Plaintiff made a final payment of $1,000 towards the balance of his loan.

19. Plaintiff contacted SunTech after each payment to verify receipt, as these were all large payments, for a grand total of $136,280.

20. On September 20, 2011, Sallie Mae sent a welcome letter to Plaintiff explaining that it was the new servicer of Plaintiff's loan.

21. Sallie Mae included a bill stating that there was a past due amount of $3,220.56.

22. Sallie Mae billed Plaintiff again in November of 2011, with a past due amount of $5,625.95.

23. On January 3, 2012, Sallie Mae sent a letter to Plaintiff declaring his student loan in default.

24. Plaintiff had been disputing the account balance with Sallie Mae since the first bill he received in September of 2011.

25. On August 8, 2012, Plaintiff's local counsel sent a letter to Sallie Mae with copies of checks and bank statements demonstrating payments made which should have satisfied the balance of the loan.

26. One year later, on July 11, 2013, Sallie Mae responded to Counsel's letter stating they could not verify that the checks were cashed.

27. The loan was declared in default again on May 27, 2014.

28. Though the dispute continued, Sallie Mae again rejected proof of payment in a letter dated June 18, 2014.

29. The loan was transferred to the guarantee agency on September 12, 2014

30. The account was eventually assigned to Pioneer Credit Recovery, a debt collector.

31. Administrative Wage Garnishment proceedings began in December of 2014.

32. By this time, Sallie Mae had been renamed Navient.

33. Plaintiff requested a hearing as allowed by Administrative Wage Garnishment procedures.

34. On March 25, 2015, Navient sent a letter to Plaintiff explaining that they had reviewed the payment history of the loan, in preparation for the hearing. The letter states that Navient found evidence for payments of $60,000 and $1,000 as described in paragraphs 16 and 17 above.

35. Navient continued to dispute receipt of the $75,280 paid in May of 2005, as described in paragraph 16 above.

36. On May 7, 2015, a hearing was held to determine the validity of the debt and allowance of the Administrative Wage Garnishment.

4

37. The Administrative Judge stated, "My only task is to decide whether Borrower met his burden of proof that no debt exists as it relates to him for the purposes of administrative wage garnishment. In my judgment, he has."

38. On April 4, 2016, Plaintiff, through his counsel, disputed the debt with Navient, USAF and the new debt collector.

39. Sallie Mae reports on Experian with "Date of Status" as September 2014, and the last reported balance in August 2014 as $108,788.

40. Navient took over for Sallie Mae in May of 2014.

41. Any credit reporting in Sallie Mae's name after May of 2014 was conducted by Navient.

42. Navient failed to update the credit report with its findings as stated on March 25, 2015.

43. Sallie Mae reports on TransUnion with "Date Updated" as September 2014.

44. USAF reports two trade lines on TransUnion with "Date Updated" as June 2017 with a total balance of $159,517.

45. USAF failed to update the credit report with Navient's findings of March 25, 2015

**Facts as they relate to consumer credit report disputes:**

46. On June 9, 2016, Plaintiff, through his counsel, disputed the debt with Experian, Equifax, and TransUnion.

47. The dispute letter referenced tradelines being reported by USAF, and/or Navient (f/k/a Sallie Mae).

48. On July 1, 2017, Experian provided a credit report to Plaintiff that Sallie Mae last reported in 2014, with no update from 2015.Further, it did not show that the account was in

dispute, just that the account had been updated due to a dispute. No actual update was made to the account.

49. The Experian report also shows that the account was in good standing in August of 2014, which cannot be true since Sallie Mae declared the loan in default in May of 2014.

50. On July 10, 2016, Equifax responded that "The disputed account fams /0010317043081 is currently not reporting on the Equifax Credit file."

51. Equifax failed to properly investigate the tradeline reported by Navient, instead only looking for a "fams" account.

52. TransUnion never responded to the dispute.

53. The TransUnion report fails to show any notation of the consumer disputing the accounts reported by Sallie Mae or USAF.

**FIRST CAUSE OF ACTION**
**Violations of Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101 *et seq.* –**
**Defendants Navient and USAF**

54. Paragraphs 1-53 are herein incorporated.

55. According to the National Student Loan Data System, Mr. Morgan's loans entered repayment in February 2005.

56. As evidenced by Mr. Morgan's bank statements and copies of checks, the only payments made after February of 2005 are those discussed in ¶s16, 17, and 18.

57. Neither Navient nor USAF has ever provided an accounting to demonstrate their records of payments.

58. Navient did eventually concede that they have records showing $61,000 worth of payments was received.

59. The Higher Education Act requires servicers to treat any payment received that is

6

above and beyond a regular monthly payment, to be treated as an advanced payment.

60. Treating the $61,000 made in September of 2005 and March of 2006 would only advance payments until May of 2010.

61. The Higher Education Act states that a loan defaults after the account becomes 270 days late.

62. Default would have occurred 270 days after May of 2010, meaning the account would have defaulted in February of 2011.

63. Navient was billing Mr. Morgan in November of 2011 and did not treat the account in default.

64. The only way the account was not in default in November of 2011 is if Navient has records of other payments that is has failed to admit OR if Navient is improperly reading their records.

65. If there are other payments that Navient has failed to admit, the amount being reported to credit reporting agencies is incorrect, and very likely was incorrect when it filed a default claim with USAF.

66. Pursuant to the Higher Education Act, a lender must make a default claim with a guarantee agency within 90 days of the account becoming default.

67. If a default claim is not filed with the guarantee agency within the required 90 days, the loan ceases to be guaranteed by the Department of Education, cease to be a "Federal Loan", and ceases to have any of the default remedies available to federal loans in default, such as Administrative Wage Garnishment.

68. If the account was truly in default in February of 2011, Navient only had until May of 2011 to file a default claim.

7

69. Navient did not file a default claim in 2011, as is evidenced by their continued billing in November of 2011.

70. On January 3, 2012, Navient declared Mr. Morgan's loan in default.

71. Navient did not file a default claim within 90 days of January 3, 2012.

72. On May 27, 2014, Navient again declared Mr. Morgan's loan in default.

73. Navient did not file a default claim within 90 days of May 27, 2014.

74. As a result of Navient's failure to file a default claim within the required time, Mr. Morgan's loans are no longer guaranteed by the Department of Education and no longer subject to Administrative Wage Garnishment.

75. USAF, as holder of Mr. Morgan's loans, is not allowed to proceed with Administrative Wage Garnishment.

76. Navient and USAF have violated Arkansas law through:

   a.   continuing to collect a debt that has been paid in full

   b.   continuing to report a debt as owed to credit reporting agencies when it has been paid in full

   c.   attempting Administrative Wage Garnishment when not allowed to do so

77. In the alternative, Navient and USAF have violated Arkansas law through:

   a.   Continuing to collect the incorrect amount of debt when it is aware of a discrepancy

   b.   Continuing to report the incorrect amount of debt owed to credit reporting agencies.

**SECOND CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant Navient**

78. Paragraphs 1-77 are herein incorporated.

79. Navient is a person as that term is defined by the FCRA, § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

80. Pursuant to FCRA § 1681s-2(b), Navient has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Trans Union, Experian, and Equifax. Navient knew or should have known, when it received notice of Plaintiff's dispute of the account from Trans Union, Experian, and Equifax, that Plaintiff disputed the account. Further, Navient received a direct notice of dispute via a letter dated April 4, 2016.

81. Navient violated FCRA § 1681s-2(b) by failing to properly investigate Plaintiff's disputes when requested to do so by Trans Union, Experian, and Equifax and failure to inform the consumer reporting agencies that Plaintiff disputed the debt in response to the investigation that Plaintiff disputed the account.

82. Navient's failure to adequately investigate and correct the disputed information and its continued reports to third parties stating Plaintiff owed Navient an incorrect amount constitutes willful and/or negligent violations of FCRA § 1681s-2(b).

83. As a result of Navient's failure to adequately investigate and correct the disputed information, Plaintiff has suffered damage though increased financing fees due to incorrect credit information and denial of credit, as well as emotional distress and damage to reputation and character.

84. For its willful violations of the FCRA, Navient is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

85. For its negligent violations of the FCRA, Navient is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

## THIRD CAUSE OF ACTION
### Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant USAF

86. Paragraphs 1-77 are herein incorporated.

87. USAF is a person as that term is defined by the FCRA, § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

88. Pursuant to FCRA § 1681s-2(b), USAF has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Trans Union, Experian, and Equifax. USAF knew or should have known, when it received notice of Plaintiff's dispute of the account from Trans Union, Experian, and Equifax, that Plaintiff disputed the account. Further, USAF received a direct notice of dispute via a letter dated April 4, 2016.

89. Navient violated FCRA § 1681s-2(b) by failing to properly investigate Plaintiff's disputes when requested to do so by Trans Union, Experian, and Equifax and failure to inform the consumer reporting agencies that Plaintiff disputed the debt in response to the investigation that Plaintiff disputed the account.

90. USAF's failure to adequately investigate and correct the disputed information and its continued reports to third parties stating Plaintiff owed USAF an incorrect amount constitutes willful and/or negligent violations of FCRA § 1681s-2(b).

91. As a result of Navient's failure to adequately investigate and correct the disputed information, Plaintiff has suffered damage though increased financing fees due to incorrect credit information and denial of credit, as well as emotional distress and damage to reputation and character.

92. For its willful violations of the FCRA, USAF is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

93. For its negligent violations of the FCRA, USAF is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

## FOURTH CAUSE OF ACTION
### Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant Experian

94. Paragraphs 1-93 are herein incorporated.

95. Experian is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

96. Pursuant to FCRA § 1681i, Experian has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Experian.

97. Experian violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the Navient/Sallie Mae account when requested to do so.

98. Experian's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed an incorrect balance to Navient/Sallie Mae constitutes willful and/or negligent violations of FCRA § 1681i.

99. When preparing a credit report regarding a consumer, Experian is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

100.   As a result of Experian's failure to comply with the mandates of the FCRA, Plaintiff has suffered damage though increased financing fees and denial of credit, as well as emotional distress and damage to reputation and character.

101.   For its willful violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

102.   For its negligent violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

**FIFTH CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant Equifax**

103.    Paragraphs 1-93 are herein incorporated.

104.    Equifax is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

105.    Pursuant to FCRA § 1681i, Equifax has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Equifax.

106.    Equifax violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the Navient/Sallie Mae account when requested to do so.

107.    Equifax's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed an incorrect balance to Navient constitutes willful and/or negligent violations of FCRA § 1681i.

108.    When preparing a credit report regarding a consumer, Equifax is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

109.    As a result of Equifax's failure to comply with the mandates of the FCRA, Plaintiff has suffered damage though increased financing fees and denial of credit, as well as emotional distress and damage to reputation and character.

110.    For its willful violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

111.    For its negligent violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

**SIXTH CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant TransUnion**

112.   Paragraphs 1-93 are herein incorporated.

113.   TransUnion is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

114.   Pursuant to FCRA § 1681i, TransUnion has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with TransUnion.

115.   TransUnion violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the Navient/Sallie Mae account when requested to do so.

116.   TransUnion failure to correct the disputed information and its continued reports to third parties that Plaintiff owed an incorrect balance to Navient constitutes willful and/or negligent violations of FCRA § 1681i.

117.   When preparing a credit report regarding a consumer, TransUnion is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

118.   As a result of TransUnion failure to comply with the mandates of the FCRA, Plaintiff has suffered damage though increased financing fees and denial of credit, as well as emotional distress and damage to reputation and character.

119.   For its willful violations of the FCRA, TransUnion is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

120.   For its negligent violations of the FCRA, TransUnion is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

13

WHEREFORE, Plaintiff seeks recovery of monetary damages; statutory damages pursuant to 15 U.S.C. § 1681n and § 1692k; punitive damages pursuant to 15 U.S.C. § 1681n; costs and attorney's fees pursuant to 15 U.S.C. § 1681n; damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o; compensatory damage and attorney fee's pursuant to Ark. Code § 4-88-113(f); and such other relief as this Court deems appropriate.

### PLAINTIFF, MATTHEW MORGAN

By:   ___PRO HAC application to be filed___
Joshua Cohen
Cohen Consumer Law, PLLC
PO Box 1639
West Dover, VT  05356
Tel (802) 380-8887
jcohen@thestudentloanlawyer.com

___/s Kathy A. Cruz___
Kathy A. Cruz, AR Bar No: 87079
The Cruz Law Firm, PLC
1325 Central Avenue
Hot Springs, AR 71901
Tel: (501) 624-3600
Fax: (501) 624-1150
kathycruzlaw@gmail.com

14